# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5273 | **DATE** | 7/2/2003 |
| **CASE TITLE** | MICHAEL D. CARR vs. JOHN E. POTTER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 8/27/03 at 9:00 a.m. Enter memorandum opinion and order. Potter's assertion that Carr failed to state a claim upon which relief could be granted need not be reached. For the foregoing reasons, Potter's motion to dismiss is granted. Count I is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 0 3 2003 | |
| | Notified counsel by telephone. | | date docketed | 29 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 03 JUL -2 PM 7:02 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL D. CARR, | ) | **DOCKETED** |
| Plaintiff, | ) | JUL 0 3 2003 |
| v. | ) | NO: 02 C 5273 |
| JOHN E. POTTER, in his official capacity as Postmaster General, | ) | Judge John W. Darrah |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Michael D. Carr ("Carr"), filed suit against Defendant, John E. Potter ("Potter"), in his official capacity as Postmaster General of the United States of America, alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*. Presently pending before the Court is Potter's Motion to Dismiss Count I of the Second Amended Complaint, which asserts a claim for disparate impact resulting from intentional discrimination.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (*Swierkiewicz*); *Walker v. Thompson*, 288 F.3d 761, 764 (7th Cir. 2002). A filing under Federal Rule of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and

29

plain", and it suffices if it notifies the defendant of the principal events. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize the facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). The simplified notice pleading relies upon liberal discovery and summary of motions to define disputed issues and facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 513.

A reading of Carr's complaint supports the following summary of the alleged conduct of the parties.

Carr, an African-American male, was employed by the Evanston Post Office from January 2001 until his termination in April 2001. After completing two weeks of training, Carr became a 90-day part-time flexible ("PTF") carrier. Carr, as well as other black employees, received numerous phone calls from Martin Cain ("Cain"), a customer service manager at the Evanston Post Office, asking Carr how quickly he could get to work; then, after reporting to work, Carr's supervisors improperly noted him as being late to work. White mail carriers did not receive similar calls.

Carr received four satisfactory marks and one unsatisfactory mark from Lorinne Bonner ("Bonner") on his 30-day evaluation in February 2001. In that same month, an Operating Plan was first received by Evanston Post Office PTF carriers which required carriers to call their supervisors by 3:00 p.m. if they could not finish their street assignment in the allotted time; failure to do so would result in the receipt of a violation.

On two different occasions, Carr witnessed the verbal abuse of fellow employees by Cain. After each occasion, Cain called Carr into his office and verbally abused him and made threats about his continued employment. White employees were not subject to similar threats or abuse by Cain.

After Carr received his first violation for exceeding his allotted street time in March 2001, he met with Cain, who verbally abused him. On March 22, 2001, Carr received his second violation after a Street Supervision/Observation Report noted that he was not carrying his satchel, dog spray, or scanner while delivering mail. Following the receipt of this violation, Carr met with Cain and was again subjected to verbal abuse and threats of dismissal.

In March 2001, Carr received all "satisfactory" marks from Bonner on his 60-day evaluation. On April 3, 2001, Carr received his third violation after he spent seven hours, as opposed to the regular five and a half to six hours, to finish a mail route that day. This mail route was not Carr's usual route, and he was not given the assistance promised to him. Carr met with Cain the following day, where he was criticized for not calling in by 3:00 p.m. to report that he was going to be late. During the course of this meeting, Cain dressed in Civil War attire and gave Carr all satisfactory marks except for one on his 80-day evaluation. Cain and Carr discussed the fact that, while Carr had been late twice, he had received no customer complaints.

On April 6, 2001, Carr met with Bonner and Ann Henderson, another supervisor, and was terminated by the United States Postal Service ("USPS"). The letter of termination stated that Carr received numerous customer complaints for failure to provide timely delivery and that he failed to follow instructions to call the office by 3:00 p.m. when he could not finish his route on time. After Carr filed a complaint with the USPS Equal Employment Opportunity ("EEO")

on May 21, 2001, a hearing was held; an Equal Employment Opportunity Commission ("EEOC") Administrative Judge found that Carr was not discriminated against.

The Post Office's racial animus has similarly affected a number of other African-American probationary PTF carriers, while only affecting one white PTF carrier. Such adverse treatment has led to both the termination of and resignation of a disproportionate amount of black PTF carriers.

Defendant Potter contends that Carr's disparate impact claim should be dismissed for failure to raise this claim at the administrative level.

The general purpose of Section 717 of the 1972 Title VII extension is to remedy the discrimination of federal employees through the creation of a dispute resolution system which requires that the aggrieved party pursue administrative relief before filing in federal district court; and, before filing in federal district court, a complaining party must exhaust his administrative remedies. *West v. Gibson*, 527 U.S. 212, 219 (1999); *Brown v. General Services Admin.*, 425 U.S. 820, 832 (1976). To raise a claim in subsequent litigation, a claim, generally, must first be raised at the administrative level. *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985) (*Babrocky*). Specifically, a complaining party who believes that they have been subjected to discrimination must initially consult a Counselor before filing a complaint in federal district court. 29 C.F.R. § 1614.105(a) (2003).

Title VII plaintiffs must initially bring a charge with the appropriate administrative body, *i.e.*, EEOC, EEO, before pursuing a claim in federal court; and thus, Title VII claims cannot be brought if they were not included in the plaintiff's EEOC complaint. *Babrocky*, 773 F.2d at 864. An exception to this general rule, which allows a claim not included in the EEOC complaint to be pursued in federal court, exists when that subsequent claim is "reasonably related" to the

4

claim that was included in the EEOC charge. *Babrocky*, 773 F.2d at 864. To be reasonably related, a factual relationship must exist between both claims; specifically, a claim in a Title VII plaintiff's complaint and an EEOC charge are reasonably related when the subsequent claim can be reasonably expected to be developed from an investigation of the EEOC charge's allegations. *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).

Courts will give Title VII *pro se* plaintiffs leeway in regards to the administrative specificity requirement in EEOC complaints. The basis for this liberal construction is to give *pro se* plaintiffs leeway by construing their allegations in light of the strongest arguments that they may suggest when deciding whether the claims in the complaint are encompassed by the EEOC charge. *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).

In his EEO complaint, Carr asserted that his civil rights were violated, that he was exposed to a hostile work environment, and that he experienced an abuse of power by the management of the Evanston Post Office. Specifically, Carr stated that his delivery manager, Cain, created the hostile work environment and that Cain's discriminatory behavior violated his civil rights, as well as those of other black employees. Carr further contended that management failed to follow proper procedures as described in the Daily Operations Handbook. For remedies, Carr sought reinstatement without probation, back pay covering the period between his removal and his reinstatement date with interest, the choice to transfer to a postal facility in the south suburbs, removal of all adverse action documented in his EEO complaint, and that all parties involved be appropriately disciplined.

Disparate treatment, which requires proof of discriminatory motive, occurs when an employer treats some employees less favorably than others because of their race, color, sex, religion, or national origin. *Scherr v. Woodland Sch. Community Consol. Dist.*, 867 F.2d 974,

5

979 (7th Cir. 1988) (*Scherr*). On the other hand, disparate impact, which does not require proof of discriminatory motive, concerns employment practices that, without the justification of business necessity, harshly and disproportionately affect one group more than another; these employment practices are facially neutral in the way that they treat different groups. *Scherr*, 867 F.2d at 979.

Even though Carr was a *pro se* Title VII plaintiff during the EEO process, and is to be afforded some leeway in regards to the administrative specificity requirement in EEO complaints, his disparate impact claim still must be reasonably related to the claim in his EEO complaint.

During the EEO process, Carr claimed that his civil rights were violated, that he was exposed to a hostile work environment, and that he experienced an abuse of power by the management of the Evanston Post Office. Carr's EEO complaint did not allege that any facially neutral employment practices of the Evanston Post Office harshly affected black employees more than white employees. Carr points to the racial animus of a single employee, Cain, as the cause of the civil rights violations he and others suffered. In his EEO complaint, Carr contends that other African-American employees were only affected by Cain's discriminatory behavior and not by any facially neutral employment practices of the Evanston Post Office. Carr stated that the problem was Cain's racial animus not the review process. Furthermore, contrary to a claim of disparate impact, Carr's EEO complaint suggests that the review process, the employment practice involved in the EEO complaint, would have protected him and others from Cain's racial animus if they were followed.

Based on the above, Carr's disparate impact claim is not reasonably related to the claim that was included in the EEO complaint. No reasonable factual relationship exists between

6

Carr's present disparate impact claim and his claims within the EEO complaint. Accordingly, Count I is dismissed.

In light of the above, Potter's assertion that Carr failed to state a claim upon which relief could be granted need not be reached. For the foregoing reasons, Potter's Motion to Dismiss is granted. Count I is dismissed.

Dated: July 2, 2003

JOHN W. DARRAH
United States District Judge